Submitted on the record February 14, ballot titles referred to Attorney General for
modification April 11, 2002
Modified ballot titles certified April 26, 2002 (334 Or 72, 45 P3d 136)

David J. HUNNICUTT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49172, S49176)
(Consolidated for Review and Opinion)

43 P3d 1114

David J. Hunnicutt, Tigard, filed the petitions for himself.

Jas. Jeffrey Adams, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

### GILLETTE, J.

These are two ballot title review proceedings that this court has consolidated for review and opinion. Petitioner challenges various aspects of the Attorney General's certified ballot titles for two proposed initiative measures, which the Secretary of State has denominated as Initiative Petitions 145 and 149 (2002). We review the Attorney General's certified ballot titles to determine whether they substantially comply with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review). For the reasons that follow, we conclude that the ballot titles in question do not comply with the foregoing requirements in one respect. We therefore refer each ballot title to the Attorney General for modification. ORS 250.085(8).

The proposed measures are virtually identical, as are the Attorney General's ballot titles for them. If enacted, they would prevent expansion of urban growth boundaries to include parcels of land that are designated for agriculture, forest, or mixed agriculture/forest use, if the parcels are composed predominantly of "prime farmland," "high-value farmland," or "prime forestland." The prohibition would not apply to parcels that are surrounded by an urban growth boundary or other land that does not fall within the prohibition, or to parcels that are smaller than 80 acres. The proposed measures differ only with respect to the geographical areas to which they would apply.

Each proposed measure contains three sections. The first section of each is identical, except that Initiative Petition 145 would apply to the "Willamette Valley," while Initiative Petition 149 would apply to "Western Oregon." The second section of each contains the exceptions to the proposed measure's scope and is identical. The third section of each contains cross-references to definitions of terms found elsewhere in each proposed measure. The third sections also are identical, save that the one for Initiative Petition 145 contains a cross-reference to a statutory definition of "Willamette Valley," while the one for Initiative Petition 149 contains a cross-reference to a statutory definition of "Western Oregon."

Petitioner challenges the caption, "yes" vote result statement, and summary for each of the proposed measures. We have considered his challenges to the captions and "yes" vote result statements, and conclude that those challenges are not well taken. We turn to his challenges to the summaries.

Each summary places the terms "prime farmland or forestland" and "high-value farmland" in quotation marks, and then includes the following sentence: "Defines quoted terms by citing current statutes." Petitioner asserts, and the Attorney General acknowledges, that the quoted sentence is incorrect. In fact, the cross-references in the proposed measures to the terms "prime farmland" and "prime forestland" refer to federal regulations, not to Oregon statutes. We agree that the Attorney General's concessions are well taken; the summaries in the two ballot titles are inaccurate.

The Attorney General argues that this court nonetheless should certify the two ballot titles because, he asserts, the inaccuracy does not take the ballot titles out of substantial compliance with the requirement of ORS 250.035(2)(d) that a ballot title contain "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." We disagree. Based on the ballot title summaries, a diligent voter would assume that he or she could search state and federal statutes for all the pertinent definitions to help understand the scope of the proposed measures. Such an assumption would be wrong, because two of the pivotal definitions are in federal regulations, not statutes. Thus, a voter who relied on the statements in the summaries that the definitions could be found in "current statutes" would be thwarted in trying to understand all that the proposed measures cover. The problem is easily remedied, but remedied it must be.

Ballot titles referred to Attorney General for modification.